IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

TIMOTHY HUGHES,
    Plaintiff,

    v.
                                        Civil No. 3:20cv168 (DJN)

DYNCORP INTERNATIONAL, LLC,
    Defendant.

## MEMORANDUM OPINION

Plaintiff Timothy Hughes ("Plaintiff") brings this action against Defendant DynCorp International, LLC ("Defendant"), alleging that Defendant violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA" or the "Act"), 38 U.S.C. §§ 4301 *et seq.*, by refusing to reemploy Plaintiff following his completion of reserve officer training with the United States Marine Corps ("USMC"). This matter now comes before the Court on Defendant's Motion to Dismiss or to Transfer Venue (ECF No. 7), moving pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss Plaintiff's claims for improper venue or, in the alternative, to transfer his claims to the Alexandria Division of this District pursuant to 28 U.S.C. §§ 1391 and 1404 and Local Civil Rule 3(C). For the reasons set forth below, the Court GRANTS Defendant's Motion (ECF No. 7) and DIRECTS the Clerk to transfer this case to the Alexandria Division of this District.

## I.     BACKGROUND

In ruling on a motion for improper venue, the Court may consider evidence outside of the pleadings, though the Court will draw all inferences in favor of Plaintiff. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). Based on this standard, the Court

accepts the following facts, reciting the substantive allegations of Plaintiff's Complaint for purposes of background only.

### A.   Plaintiff's Allegations

Plaintiff is a veteran who resides in Onslow County, North Carolina. (Compl. (ECF No. 1) ¶ 5.) Defendant is a limited liability company formed under the laws of Delaware and headquartered in McClean, Virginia. (Compl. ¶ 6.) Plaintiff began his employment with Defendant in 2012, serving as a security specialist and coordinator at United States military bases in Afghanistan. (Compl. ¶ 8.) Defendant employed Plaintiff pursuant to an employment contract that Defendant renewed annually, most recently for the 2017 calendar year. (Compl. ¶ 8.)

In 2017, Plaintiff applied to the USMC's reserve officer training program. (Compl. ¶ 10.) After his acceptance to the program, Plaintiff informed his supervisor, Brenda Hillard, that he would be leaving his employment for military training and returning in fewer than ninety days. (Compl. ¶ 11.) Plaintiff left his employment on August 20, 2017, and attended reserve officer training in September 2017. (Compl. ¶ 13.)

On October 3, 2017, Plaintiff advised Defendant that he had completed his officer training and requested reemployment. (Compl. ¶ 14.) Defendant responded that Plaintiff proved ineligible for reemployment under USERRA and denied his request. (Compl. ¶ 15.) Specifically, Defendant informed Plaintiff that he did not qualify for reemployment under the Act, because he constituted an international employee. (Compl. ¶ 16.) Defendant also claimed that Plaintiff had not properly provided notice of his leave under USERRA. (Compl. ¶ 24.)

Following Defendant's refusal to reemploy him, on October 23, 2017, Plaintiff filed a complaint with the Veterans' Employment and Training Service of the United States Department

of Labor (the "DOL"). (Compl. ¶ 26.) In response, Defendant reiterated that USERRA did not

cover Plaintiff, because he worked for Defendant overseas. (Compl. ¶ 27.) The DOL advised

Defendant that USERRA in fact covered Plaintiff despite the overseas nature of his employment.

(Compl. ¶ 28.) Accordingly, Defendant informed the DOL that it would reemploy Plaintiff

consistent with USERRA, but that it would immediately thereafter terminate his employment.

(Compl. ¶ 29.) Defendant advised Plaintiff that this termination would likely preclude his

employment with other government contractors. (Compl. ¶¶ 30-31.) Faced with the prospect

that the continued pursuit of his claims could harm his future employment, Plaintiff withdrew his

complaint before the DOL. (Compl. ¶ 33.)

### B.    Plaintiff's Complaint

On March 10, 2020, Plaintiff brought this action against Defendant, alleging that

Defendant's refusal to reemploy him violated USERRA. (Compl. ¶¶ 18-52.) Specifically, in

Count One, Plaintiff alleges that Defendant violated 38 U.S.C. § 4312 by refusing to reemploy

him in the position that he held prior to his military leave or in a position of similar seniority,

status and pay. (Compl. ¶ 34.) Plaintiff further alleges that Defendant violated § 4316 by

terminating him prematurely on October 4, 2017. (Compl. ¶ 35.) Plaintiff contends that

Defendant committed these violations willfully within the meaning of § 4323(d)(1)(C). (Compl.

¶ 36.)

In Count Two, Plaintiff alleges that Defendant retaliated against him for asserting his

rights under USERRA in violation of § 4311 by threatening to immediately terminate him after

reinstatement if he proceeded with his claims before the DOL. (Compl. ¶¶ 49-50.) Plaintiff

asserts that Defendant willfully violated § 4311. (Compl. ¶ 51.) For these alleged violations,

Plaintiff seeks declaratory, injunctive and monetary relief, including back pay and reinstatement,

or, if not reinstated, front pay for wages and benefits that he would have earned absent Defendant's violations of the Act. (Compl. at 9-10.)

### C.    Defendant's Motion

On April 14, 2020, Defendant filed its Motion to Dismiss or to Transfer Venue (ECF No. 7). In support of its Motion, Defendant argues that Plaintiff's claims should be dismissed for improper venue or, in the alternative, transferred to the Alexandria Division, because Plaintiff has minimal contacts with the localities in this Division and no part of any of the events giving rise to Plaintiff's claims occurred in this Division. (Def.'s Mem. of L. in Supp. of Its Mot. to Dismiss or to Transfer Venue ("Def.'s Mem.") (ECF No. 8) at 1-2.)

Specifically, Defendant contends that this Court constitutes an improper venue, because none of the venue factors enumerated under 28 U.S.C. § 1391(b), as construed by Local Rule 3(C), render the Richmond Division as the appropriate venue for Plaintiff's claims. (Def.'s Mem. at 5.) For one, Defendant argues that it maintains insufficient contacts with the localities in this Division to be considered a resident of this Division; whereas, it maintains its principal place of business in McClean, Virginia, a locality in the Alexandria Division. (Def.'s Mem. at 6.) Defendant further avers that none of the events giving rise to Plaintiff's claims occurred in this Division, precluding venue in this Court under the second § 1391(b) factor. (Def.'s Mem. at 6.) And because the first § 1391(b) factor — Defendant's residency — renders the Alexandria Division a proper venue, Defendant maintains that the final § 1391(b) factor, which requires that no other division exist in which an action could otherwise be brought, proves inapposite to Plaintiff's claims. (Def.'s Mem. at 6.)

Moreover, even if venue properly lies in this Division, Defendant contends that the Court should transfer venue to the Alexandria Division pursuant to 28 U.S.C. § 1404(a), which permits

4

transfer to another court "[f]or the convenience of parties and witnesses" and "in the interest of justice." (Def.'s Mem. at 6-7.)  Defendant argues that transfer to the Alexandria Division satisfies § 1404(a), because:  (1) "the Alexandria Division has the only clear relationship to this case, and the Richmond Division has no relationship to this case;" (2) Plaintiff's choice of venue should receive little deference due to the absence of any real connection between him and his claims and this Division; and, (3) no relevant witnesses or evidence reside in this Division. (Def.'s Mem. at 8-9.)

Plaintiff filed his Memorandum in Opposition to Defendant's Motion on April 24, 2020, (Mem. in Opp. to Def.'s Mot. to Dismiss or Transfer Venue ("Pl.'s Resp.") (ECF No. 11)), and Defendant filed its Reply on April 29, 2020, (Def.'s Reply to Pl.'s Opp. to Its Mot. to Dismiss or to Transfer Venue (ECF No. 12)), rendering Defendant's Motion now ripe for review.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to challenge the plaintiff's chosen venue as improper.  Fed. R. Civ. P. 12(b)(3).  "To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." *Power Paragon, Inc. v. Precision Tech. USA, Inc.*, 605 F. Supp. 2d 722, 726 (E.D. Va. 2008) (emphasis removed) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)).  When ruling on a 12(b)(3) motion, a court need not accept the plaintiff's factual allegations as true and may consider evidence outside of the pleadings. *Sucampo Pharms.*, 471 F.3d at 550.

In general, 28 U.S.C. § 1391 governs the proper venue for civil actions before federal district courts.  Pursuant to § 1391, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Relevant here, under Local Civil Rule 3(C) of this District, the venue rules enumerated under § 1391 "also shall apply to determine the proper division in which an action shall be filed," with the terms "judicial district" and "district" under § 1391 replaced with the term "division" for purposes of determining the proper venue. Notably, "in determining whether events or omissions are sufficiently substantial to support venue [under Subsection (b)(2)] a court should not focus only on those matters that are in dispute or that directly led to the filing of the action . . . [but] should review 'the entire sequence of events underlying the claim.'" *Mitrano*, 377 F.3d at 405 (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)).

However, the general venue rules enumerated under § 1391 do not apply to suits brought under USERRA, which includes its own provisions regarding venue. *See Johnson v. Gen. Dynamics Info. Tech., Inc.*, 675 F. Supp. 2d 236, 240 (D.N.H. 2009) (holding that USERRA's "exclusive venue provision trumps the general venue statute"). Specifically, USERRA provides that "[i]n the case of an action brought against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business." 38 U.S.C. § 4323(c)(2). Accordingly, a plaintiff bringing claims under USERRA may bring those claims in any district in which his employer maintains a "place of business" within the meaning of the Act.

Even if a plaintiff has chosen a proper venue, a defendant may move to transfer to a different venue pursuant to 28 U.S.C. § 1404, which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or . . . to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) permits transfer even in USERRA actions. *See Duffer v. United Continental Holdings, Inc.*, 2013 WL 2147802, at \*2-3 (S.D. Cal. May 16, 2013) (considering whether to transfer to alternative venue in USERRA action). "Section 1404(a) 'is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized case-by-case consideration of convenience and fairness.'" *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 867 (E.D. Va. 2013) (quoting *Stewart Org., Inc. v. Ricoh, Corp.*, 487 U.S. 22, 29 (1988) (citations omitted)). The burden falls upon the movant to show that transfer of venue pursuant to § 1404(a) is proper. *Id.* (citing *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000)).

For the Court to grant a motion to transfer, unless the parties have consented to the transferee forum, the movant must establish both: (1) that the plaintiff's claims could have been brought in the transferee forum; and, (2) that the interest of justice and convenience of the parties and witnesses warrant transfer to that forum. *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). As to the first factor, the movant must show that "at the time of the filing of the action, the [transferee] district court . . . could have exercised personal jurisdiction over the defendants and the district was a proper venue for the action without waiver or consent by the defendants." *Nationwide Mut. Ins. Co. v. The Overlook, LLC*, 2010 2520973, at \*3 (E.D. Va. June 17, 2010) (citing *Kontoulas v. A.H. Robins Co., Inc.*, 745 F.2d 312, 315 (4th Cir. 1984)).

After the movant makes this initial showing, the Court next considers whether the convenience

of the parties and witnesses and the interest of justice supports the transfer to the movant's

desired forum, focusing on four principal factors: "(1) the plaintiff's initial choice of venue; (2)

witness convenience and access; (3) convenience of the parties; and (4) the interest of justice."

*Va. Innovation Scis.*, 928 F. Supp. 2d at 868 (citing *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731,

736 (E.D. Va. 2007)).

## III.   ANALYSIS

Defendant's Motion asks the Court to address two questions:  (1) whether venue properly

lies within this District and, more specifically, this Division; and, (2) whether, even if this

Division constitutes a proper venue, the Court should nonetheless transfer Plaintiff's claims to

the Alexandria Division under § 1404(a).  The Court will address each question in turn.

### A.   Although Venue Properly Lies in this District, Pursuant to Local Rule 3(C), This Division Constitutes an Improper Venue for Plaintiff's Claims.

As to the first question raised by Defendant's Motion, the Court cabins its analysis to the

venue provision under USERRA, 38 U.S.C. § 4323(c)(2), for, as mentioned, that provision

enumerates exclusive venue rules for USERRA claims that trump the general venue rules under

§ 1391.  To that end, this District constitutes a proper venue for Plaintiff's claims under

§ 4323(c)(2), because Defendant concedes that it maintains its principal place of business in this

District, namely McClean, Virginia.  (Ex. A to Def.'s Mem. ("Walker Decl.") (ECF No. 8-1)

¶ 3.)  Undoubtedly, a private employer's principal place of business constitutes a "place of

business" within the meaning of § 4323(c)(2), properly placing Plaintiff's claims in this District.

The question then becomes whether venue properly lies in this Division, which requires

consideration of the interplay between § 4323(c)(2) and Local Rule 3(C).  Plaintiff argues that

Local Rule 3(C) applies only when § 1391 determines the proper venue for a civil suit, because

Local Rule 3(C) references only that provision.  (Pl.'s Resp. at 5.)  However, the caselaw to which Plaintiff cites in support of this contention draws the opposite conclusion.  Specifically, Plaintiff cites to the opinion of Senior United States District Judge Robert E. Payne in *Hengle v. Curry* for the proposition that when a statute contains special venue provisions, Local Rule 3(C) does not apply.  (Pl.'s Resp. at 5 (citing 2018 WL 3016289, at *6 (E.D. Va. June 15, 2018)).)  But in *Hengle*, Judge Payne concluded not that special venue provisions override Local Rule 3(C), but that those provisions have no relevance to determinations of which division constitutes the proper venue, because Local Rule 3(C), which governs divisional venue in this District, relies explicitly on § 1391.  2018 WL 3016289, at *6.  Therefore, only § 1391, as modified by Local Rule 3(C), proves relevant to determining the proper division in which to bring a civil suit, regardless of the statute that initially places venue in this District.  *Id.*; *see also Sicienski v. Saxon Mortg. Servs., Inc.*, 2007 WL 2071711, at *1 (E.D. Va. July 11, 2007) (Payne, J.) (applying Local Rule 3(C) to transfer claims to Alexandria Division even though a statute other than § 1391 governed venue).  And Plaintiff's citation to *Gilbert v. General Electric Company*, 347 F. Supp. 1058 (E.D. Va. 1972) (Merhige, J.), proves equally unavailing, for that opinion addressed only the proper district in which to bring suit under Title VII, not the appropriate division within this District.  (Pl.'s Resp. at 5.)

Indeed, by its terms, Local Rule 3(C) provides that "[c]ivil actions *for which venue is proper in this district* shall be brought in the proper division, *as well*." (emphasis added).  In other words, while a relevant statute — in this case, USERRA — determines the appropriate district in which to venue a civil suit, once the statute places venue properly in this District, Local Rule 3(C) outlines the method for determining the appropriate division in which to file the

9

suit.[1]  And although Local Rule 3(C) relies on § 1391 to the exclusion of other provisions, it does

so not to define the Rule's scope but merely for ease of reference in outlining how litigants

should venue claims between divisions.  Therefore, although Plaintiff's claims properly lie in

this District under USERRA, USERRA does not determine the proper division within this

District in which Plaintiff may bring his claims.  That determination relies exclusively on the

terms of Local Rule 3(C).[2]

To that end, as mentioned, Local Rule 3(C) provides that the proper division in which an

action shall be filed depends on the rules enumerated under § 1391, with the terms "judicial

district" and "district" in § 1391 replaced by the term "division."  Therefore, Plaintiff's claims

must be brought in:

> (1) a [division] in which any defendant resides, if all defendants are residents of
> the State in which the [division] is located; (2) a [division] in which a substantial
> part of the events giving rise to the claim occurred, or a substantial part of the
> property that is the subject of the action is situated; or (3) if there is no [division]
> in which an action may otherwise be brought as provided in this section, any
> [division] in which any defendant is subject to the court's personal jurisdiction
> with respect to such action.

§ 1391(b)(1)-(3).

As to the first venue rule under § 1391(b), pursuant to § 1391(c)(2), as modified, a

corporation such as Defendant resides "in any [division] in which such defendant is subject to

the court's personal jurisdiction with respect to the civil action in question."  Further, when more

---

[1]     This practice aligns with the authority of "a district court, acting by a majority of its
district judges," to "adopt and amend rules governing its practice," so long as those local rules
prove "consistent with . . . federal statutes and rules."  Fed. R. Civ. P. 83(a).

[2]     Likewise, although Plaintiff argues in his Response that his employment contract places
venue in this District, as true as that may be, Local Rule 3(C) specifies the proper division for
Plaintiff's claims once they are placed here.  (Pl.'s Resp. at 2-3.)  Indeed, Plaintiff's employment
contract does not specify the division in this District in which claims arising from the contract
could or should be brought, so Local Rule 3(C) controls.

than one division in this District has personal jurisdiction over a corporate defendant, "such corporation shall be deemed to reside in any [division] . . . within which its contacts would be sufficient to subject it to personal jurisdiction if that [division] were a separate State, and, if there is no such [division], the corporation shall be deemed to reside in the [division] within which it has the most significant contacts." § 1391(d).  Ultimately, the Court must determine "whether personal jurisdiction would be proper in the [relevant] judicial division based on the corporation's contacts with that division." *Polygroup Ltd. v. Gen. Foam Plastics Corp.*, 2012 WL 2554645, at *5 (E.D. Va. June 28, 2012).  Accordingly, unless the Richmond Division, acting as its own state, can exercise personal jurisdiction over Defendant in this case, venue in this Division proves improper under § 1391(b)(1).

Based on this narrow inquiry, the Court finds that Defendant does not reside in this Division.  Indeed, Plaintiff fails to counter Defendant's affirmation that it employs only two individuals in this Division on a project unrelated to Plaintiff's employment.  (Walker Decl. ¶ 3.)  Neither does Plaintiff counter Defendant's affirmation that it maintains no other contacts with this Division.  (Walker Decl. ¶ 3.)  And by Plaintiff's own admission, Defendant is a Delaware corporation with its principal place of business in the Alexandria Division — namely, McClean, Virginia — meaning that within this District; therefore, it is "at home" only in the Alexandria Division.  (Compl. ¶ 6; Walker Decl. ¶ 3.)  Consequently, this Division lacks both general and specific personal jurisdiction over Defendant and venue in this Division proves improper under § 1391(b)(1).[3]

---

[3]     Notably, another court in this Division has reached a similar conclusion in a lawsuit against Defendant. *See Liverett v. DynCorp Int'l, LLC*, 2017 WL 9481048, at *2 (E.D. Va. July 18, 2017) (Gibney, J.) (applying Local Rule 3(C) and concluding that "[w]ithout allegations of contacts beyond a registered agent, Liverett has not established DynCorp's minimum contacts with the Richmond Division, which makes venue here improper.").

Neither do the facts presented render venue in this Division proper under § 1391(b)(2), as modified, because Plaintiff fails to point to any connection between him and his claims and this Division. Indeed, Plaintiff alleges that he resides in Onslow County, North Carolina, and fails to allege that he ever resided within the Richmond Division. (Compl. ¶ 5.) Plaintiff likewise fails to allege any connection between this Division and his employment, military leave and request for reemployment, or any other events that gave rise to his claims. Instead, Plaintiff focuses only on the fact that USERRA provides for proper venue in this District generally. (Pl.'s Resp. at 4-5.) But, as mentioned, though Plaintiff's claims may properly lie in this District, Local Rule 3(C) provides additional requirements for determining proper venue between the divisions of this District. Plaintiff fails to satisfy those additional requirements. And because venue properly lies in the Alexandria Division under § 1391(b)(1), as modified, Plaintiff cannot rely on the catchall language of § 1391(b)(3) to claim venue in this Division.

Accordingly, the Court finds that this Division constitutes the improper venue for Plaintiff's claims. Because the Court finds venue in this Division improper, the Court need not address Defendant's alternative request for transfer. That said, because Defendant does not challenge the plausibility of Plaintiff's claims and considering the likelihood that Plaintiff will refile his claims in the Alexandria Division upon dismissal, in the interest of justice and judicial economy, the Court will transfer Plaintiff's claims to the Alexandria Division instead of dismissing those claims outright. *See* 28 U.S.C. § 1406(a) (permitting district courts to remedy the filing of a case in an improper venue by dismissing the case "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"); *Sicienski*, 2007 WL 2071711, at *1 (using Local Rule 3(C) to order transfer from Richmond Division to Alexandria Division).

## IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion (ECF No. 7) and DIRECTS the Clerk to transfer this case to the Alexandria Division of this District. An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

_____/s/_____

David J. Novak
United States District Judge

Richmond, Virginia
Dated:  May 6, 2020

13